Per Curiam.
We think the order of publication objected to in this case was in form and substance a substantial compliance with section 440 of the Code. Although the names of the defendants were omitted, yet the direction-was to serve the summons and complaint by publication, and that a deposit be made of those papers and of the order in a securely-closed post-paid wrapper and addressed at Royersford, Pa., thus clearly indicating that it was to be addressed to the defendants upon whom and upon whom only it was necessary to serve a copy of the papers, and who in an earlier portion of the order are stated to reside or to do business in or about the place named. A substantial compliance with the requirements of the Code is all that is necessary to give validity to a proceeding under the section mentioned. See Green v. Squires, 20 Hun, 15; Weil v. Martin, 24 id., 645. The case of Ritten v. Griffith (16 Hun, 454), though it may seem to be in conflict with the view expressed, is not, for the reason that in that case the order simply directed that the summons with a copy of the complaint and order should be served upon the defendant personally without the state, and it was for that reason held to be void. There was an entire omission of compliance with all the provisions of the Code with regard to publication; and the *69 service by publication as required by section 440. The option of service by publication or by personal delivery was not preserved by tnat order and not alluded to in any way, and it was defective in a very important element therefore. But as we have already seen in the case at bar constructively, the service by publication was so directed that there can be no mistake, whatever, in the construction or interpretation of the order to it.
But, although we deem it our duty to affirm the order, we think the respondent should not have costs because of the negligence of the attorney.
Ordered accordingly.